IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:02-CR-22-BO-1

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANTWAND DESMOND BROWN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on what it construes as defendant's pro se motion to modify payment schedule [DE 756]. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (crack), use of a firearm during and in relation to a drug trafficking offense, conspiracy to launder money, and criminal asset forfeiture on June 21, 2002. Defendant was sentenced to 290 months' imprisonment and 5 years of supervised release on March 10, 2003. He was ordered to pay a special assessment of $300, plus restitution in the amount of $2,960 and a fine of $9,798 due in full immediately. On March 4, 2014, the defendant filed the instant motion, requesting the Court to modify his fine payments.

## DISCUSSION

In the case at bar, the Court did not set a schedule for payment of restitution. The Court instead ordered that the judgment was due and payable in full immediately. This language allows the United States to use any legal means necessary to collect the judgment. The Court also specified that if the restitution and fines were not paid immediately that it may be paid through

the Inmate Financial Responsibility Program ("IFRP"). The Court did not set any schedule other than that upon release from prison, the defendant must pay at least $50 per month. The Fourth Circuit has made clear that the provisions of the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A and 3664, should be strictly construed, and that modifications of restitution should only be allowed where specifically provided for in that statute. *United States v. Roper*, 462 F.3d 336 (4th Cir. 2006). "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).

Here, defendant has neither cited nor briefed any statute or rule allowing for a modification of the judgment. Therefore, this Court is without the authority to modify the final judgment as requested by defendant.

Further, it appears that defendant's real issue is not the original judgment in this case, but the BOP's management of the IFRP. However, the defendant has not indicated that he has exhausted his administrative remedies provided by the BOP. Defendant cannot assert a claim for judicial relief before exhausting the prescribed administrative remedies made available to him. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

Because defendant has cited no authority for the Court to modify its original judgment and because defendant has not exhausted his administrative remedies, his motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

SO ORDERED, this ___1___ day of ~~March~~ April, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE